United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40163
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BILLY MAX COLLINS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CR-55-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

        Billy Max Collins appeals his 24-month sentence imposed

following his guilty-plea conviction for being a felon in

possession of a firearm.  Collins argues that the district court

erred by denying him a reduction pursuant to U.S.S.G.

§ 2K2.1(b)(2), which provides that provides that a defendant's

base offense level should be decreased to six "[i]f the

defendant . . . possessed all ammunition and firearms solely for

lawful sporting purposes or collection, and did not unlawfully

discharge or otherwise unlawfully use such firearms or

--------------------

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ammunition." § 2K2.1(b)(2). He contends that the Government presented no evidence which contradicted his testimony as to his use of the firearm and the district court's findings were insufficient to support its decision denying him the reduction.

Following United States v. Booker, 543 U.S. 220 (2005), this court reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). The district court agreed with the Government's conclusion that Collins's testimony that he used the firearm for sporting purposes was not credible. The district court's credibility determination was supported by ample record evidence and thus was not clearly erroneous. See United States v. Ocana, 204 F.3d 585, 593 (5th Cir. 2000). Accordingly, the district court did not err by denying Collins a § 2K2.1(b)(2) reduction. Collins's sentence is affirmed.

AFFIRMED.